REDMANN, Chief Judge.
This appeal asserts a medical corporation’s claim against its president for notifying a hospital of nonrenewal of the corporation’s contract with the hospital to supply emergency services, and then entering into a substitute contract with the hospital to supply those services through another medical corporation. The trial court dismissed the action and we affirm.
The hospital contract provided automatic renewal every year unless nonrenewal was notified in writing by either party 60 days before its anniversary. Automatic renewals had added four years to the contract’s original term of one year. The contract also provided that the “Corporation will require that Dr. Walter Mulchin under this contract provide medical direction which includes all of the medical and administrative responsibility necessary to the fulfillment of this contract and represent the Mulchin and Federline, A Medical Corporation in its relationship with the Hospital.”
The hospital contract thus could not be performed without Dr. Mulchin’s providing his personal services. Evidently, if Dr. Mulchin had the right to decline to work any longer for the corporation (or otherwise with Dr. Federline), he had the right (if not the obligation to the corporation, which in turn had the obligation to the hospital) to notify the hospital that he would no longer work for the corporation and therefore the corporation could no longer provide his services after the end of the current contract year. Our question therefore becomes whether any contractual obligation to the corporation or Dr. Feder-line deprived Dr. Mulchin of the freedom to quit working for the corporation and with Dr. Federline.
The basic written agreement between Dr. Mulchin and Dr. Federline provided that the two physicians “shall both execute an employment contract with the corporation containing the usual terms and conditions, including a restriction against outside employment or medical practice without the consent of the corporation.” In fact no formal employment contract was ever executed, and there is no evidence of “the usual terms and conditions,” nor of any agreement upon any specific period during which Dr. Mulchin was to work with Dr. Federline or for the corporation to be formed.
Dr. Mulchin thus never expressly or impliedly bound himself for any determinate period of time to work for the corporation or merely with Dr. Federline. La.C.C. 2050 does imply a reasonable term “from the nature of the act” when none is specified, and we might agree that by signing the contract with the hospital Dr. Mulchin impliedly agreed to work for the corporation or with Dr. Federline for the year of that contract. We might similarly conclude that he impliedly agreed to work for each of the successive one-year renewals of the contract (and he has in fact done so). But we find no evidence in this record that would *790 justify holding that Dr. Mulchin expressly or impliedly obliged himself to a personal services contract for a term in excess of five years.
Affirmed.
WILLIAMS, J., dissents.